Matter of Char (2018 NY Slip Op 05408)





Matter of Char


2018 NY Slip Op 05408


Decided on July 19, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 19, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Judith J. Gische
Angela M. Mazzerelli
Ellen Gesmer
Peter H. Moulton,Justices.


M-1983

[*1]In the Matter of Edward M. Char, (admitted as Edward Martin Char), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward M. Char, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward M. Char, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 7, 2003.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Scalise & Hamilton (Deborah A. Scalise, Esq.) for respondent.



Per Curiam


Respondent Edward M. Char was admitted to the practice of law in the State of New [*2]York by the Second Judicial Department on May 7, 2003, under the name Edward Martin Char, and all times relevant herein he maintained an office for the practice of law within the First Judicial Department.
By order entered July 18, 2007, this Court granted a motion by the Attorney Grievance Committee (Committee), seeking respondent's interim suspension from the practice of law based on his failure to cooperate with the Committee's investigation of three complaints, including one involving eight dishonored checks, totaling more than $56,000, drawn against his law firm's IOLA account.
Respondent now seeks an order, pursuant to the Rules for Attorney Discipline Matters (22 NYCRR) § 1240.10, approving his resignation and disbarring him from the practice of law. The Committee does not oppose the motion.
Respondent acknowledges that the allegations against him include willful misappropriation of client funds and that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct as described herein; and he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys. Respondent submits his resignation subject to any application that may be made pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution or reimburse the Lawyers' Fund for Client Protection, and consents to the continuing jurisdiction of the Appellate Division to make such an order.
The Committee does not oppose respondent's motion to resign and notes that the application is in compliance with 22 NYCRR 1240.10.
As respondent's affidavit of resignation conforms with 22 NYCRR 1240.10, respondent's motion should be granted to the extent of accepting his resignation from the practice of law, disbarring him, and striking his name from the roll of attorneys effective nunc pro tunc to April 16, 2018, the date of respondent's affidavit.
All concur.
Order filed.
[July 19, 2018]
Respondent's motion is granted, his resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to
April 16, 2018.